THE STATE OF NEW JERSEY, EX REL. BOARD OF HEALTH OF THE TOWNSHIP OF SADDLE RIVER, in the county of Bergen, complainant-respondent,

*v.*

THE SLAVONIAN CATHOLIC CHURCH OF THE ASSUMPTION, PASSAIC, NEW JERSEY, a religious corporation of New Jersey, defendant-appellant, and ST. MARY'S CEMETERY, an unincorporated association, and JOHN J. LABASH, defendants.

[Argued February 7th, 1945.    Decided May 10th, 1945.]

*Mr. John R. Blanda* (*Mr. William J. Morrison, Jr.,* of counsel), for the appellant.

*Messrs. Chandless, Weller & Kramer (Mr. Ralph W. Chand-less,* of counsel), for the respondent.

The opinion of the court was delivered by

HEHER, J.

We are generally in accord with the reasoning of the learned Vice-Chancellor. Complainant has sustained the burden of proving the lack of municipal consent to the use of the lands in question for cemetery purposes. *Vide, chapter 129, section 6, of the Laws of 1885 (Pamph. L. p. 165)*; now *R. S. 8:3–2.* It was shown that the municipal records revealed no such consent; and appellant concedes that this was *prima facie* proof of the lack of it, but insists that the "presumption" was rebutted by the proofs. Such is not the case. The asserted rebutting evidence consisted merely of testimony by the pastor of the appellant church that he had been told that the requisite permit had been issued to a former owner of the property, and the fact that burials had been made in the larger tract for more than forty years with the approval of the municipality. The first is obviously hearsay; the second does not evidence consent to the use of the particular lands for burial purposes. It is to be observed here that in 1936 the state acquired for highway purposes a strip of land 100 feet wide running across the rear of the lands, and that about five acres were thus separated from the original tract; and that in 1941, after the highway had been opened to traffic, appellant built a fence around the larger tract. The lands at issue consist of the portion between the fence and the new highway and the plot beyond the highway.

The use of these lands as a burial ground constituted the enlargement of an established cemetery within the intendment of *R. S. 8:3–2.* *Chapter 271 of the Laws of 1909 (Pamph. L. p. 496)* now *R. S. 8:2–7,* does not serve appellant, for, even though otherwise applicable (which question we have no occasion to decide), "a descriptive map of the additional lands" was not filed as therein required, and in such event the total area of the cemetery would exceed the total limit of lands allowed for burial grounds by *R. S.*

*8:3-1.* The proofs do not disclose a clear and unequivocal dedication of the lands in question to cemetery uses prior to July 4th, 1909. They were not theretofore "held for cemetery or burial purposes" within the intendment of the *Act of 1909, supra.* The course of conduct is to the contrary. As the Vice-Chancellor found, the lands were not reasonably adapted to such purposes. See, in this connection, and also for a history of the litigation growing out of the assessment of the lands for taxation, the case of *Township of Saddle River* v. *Slavonian Catholic Church of the Assumption of Passaic, 20 N. J. Mis. R. 92; 24 Atl. Rep. (2d)* 398. And, as the Vice-Chancellor pointed out, the evidence of such present unsuitability is uncontroverted. We do not regard the photographs as a neutralizing factor. They are plainly insufficient as countervailing evidence. The enclosure of the cemetery proper is indicative of the character of the excluded lands. Indeed, appellant disavows an intention to make further interments in these parcels of land.

Decree affirmed.

*For affirmance*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Colie, Wells, Rafferty, Dill, JJ. 11.

*For reversal*—None.